# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF HORRY ) | FOR THE FIFTEENTH JUDICIAL CIRCUIT |
| ) | |
| Mona Zakay Khella-Beshay and Medhat-Shafik Tawfik-Maikhail, ) | C.A. No.: 2023-CP-26-_____ |
| ) | |
| ) | **SUMMONS** |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| EOS Investors, LLC d/b/a Embassy Suites by Hilton Myrtle Beach Oceanfront Resort, Hilton Worldwide Holdings, Inc. d/b/a Hilton Management Services, Bob Barenberg, and Randy DeVaux, ) | |
| ) | |
| Defendants. ) | |

**TO:    THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on THE DERRICK LAW FIRM, at its office at Post Office Box 28, Conway, South Carolina, 29528, within the 30 day timeframe allotted by the applicable *South Carolina Rules of Civil Procedure* beginning upon the date of service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Amended Complaint.

DATED this 11th day of April, 2023.

*The Derrick Law Firm*

s/ Robert D. Corney
Robert D. Corney (S.C. Bar No.80167)
Post Office Box 28
Conway, South Carolina 29528
Telephone: 843-248-7486
Facsimile: 843-248-7510
E: Rob.Corney@derricklawfirm.com
**Counsel for the Plaintiffs**

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF HORRY ) <br> ) <br> Mona Zakay Khella-Beshay and Medhat- ) <br> Shafik Tawfik-Maikhail, ) <br> ) <br>         Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EOS Investors, LLC d/b/a Embassy Suites ) <br> by Hilton Myrtle Beach Oceanfront Resort, ) <br> Hilton Worldwide Holdings, Inc. d/b/a ) <br> Hilton Management Services, Bob ) <br> Barenberg, and Randy DeVaux, ) <br> ) <br>         Defendants. ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br><br> FOR THE FIFTEENTH JUDICIAL CIRCUIT <br><br> C.A. No.: 2023-CP-26-_____ <br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

        The plaintiffs, Mona Zakay Khella-Beshay and Medhat-Shafik Tawfik-Maikhail (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, complaining of the above-named defendants, EOS Investors, LLC d/b/a Embassy Suites by Hilton Myrtle Beach Oceanfront Resort, Hilton Worldwide Holdings, Inc. d/b/a Hilton Management Services, Bob Barenberg, and Randy DeVaux (hereinafter collectively referred to as "Defendants"), would respectfully show to this Honorable Court as follows:

        1.     At all times material to the matters outlined herein, Plaintiffs were citizens and residents of the state of North Carolina.

        2.     At all times material to the matters outlined herein, Plaintiffs were and are a married couple living in the same residence.

        3.     Upon information and belief, at all times material to the matters outlined herein, Defendant EOS Investors, LLC d/b/a Embassy Suites by Hilton Myrtle Beach Oceanfront Resort (hereinafter referred to as "EOS Investors") was a corporation organized and existing under the laws of the State of New York which conducted a substantial amount of business in Horry County,

South Carolina through the ownership and operation of the Embassy Suites by Hilton Myrtle Beach Oceanfront Resort located at 9800 Queensway Boulevard in Myrtle Beach, South Carolina.

4.     Upon information and belief, at all times material to the matters outlined herein, Defendant Hilton Worldwide Holdings, Inc. was a corporation organized and existing under the laws of the State of Delaware with its principle place of business located in the State of Virginia which conducted a substantial amount of business in Horry County, South Carolina through the management, oversight, control, and daily operation of the Embassy Suites by Hilton Myrtle Beach Oceanfront Resort located at 9800 Queensway Boulevard in Myrtle Beach, South Carolina under the business monicker Hilton Management Services.

5.     Upon information and belief, at all times material to the matters outlined herein Defendant Bob Barenberg was a citizen and resident of Horry County, South Carolina, and in his role as the Managing Director of the Embassy Suites by Hilton Myrtle Beach Oceanfront Resort, exercised a significant amount of control over the day-to-day operation of that hotel including but not limited to ensuring the safety of guests of the hotel through the inspection, identification, correction, repair, remedying, and warning of potentially dangerous conditions existing on and in the Embassy Suites by Hilton Myrtle Beach Oceanfront Resort property located at 9800 Queensway Boulevard in Myrtle Beach, South Carolina.

6.     Upon information and belief, at all times material to the matters outlined herein Defendant Randy DaVaux was a citizen and resident of Horry County, South Carolina, and in his role as the General Manager of the Embassy Suites by Hilton Myrtle Beach Oceanfront Resort, exercised a significant amount of control over the day-to-day operation of that hotel including but not limited to ensuring the safety of guests of the hotel through the inspection, identification, correction, repair, remedying, and warning of potentially dangerous conditions existing on and in

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

the Embassy Suites by Hilton Myrtle Beach Oceanfront Resort property located at 9800 Queensway Boulevard in Myrtle Beach, South Carolina.

7. This Court has personal jurisdiction over the parties, subject matter jurisdiction of this matter, and venue is proper in Horry County, South Carolina.

**FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS**
(Negligence, Negligence *Per Se*, Gross Negligence, Reckless, Willful and/or Wanton Conduct)

8. Plaintiffs re-allege and restate all previous paragraphs as if set forth herein verbatim.

9. Upon information in belief, in or around July 2019, Defendant EOS Investors, LLC purchased the roughly one-hundred and sixty (160) acre Kingston Resorts property located at 9800 Queensway Boulevard in Myrtle Beach, South Carolina from RLJ Lodging Trust at a cost of approximately One-Hundred and Fifty-Six Million ($156,000,000.00) Dollars.

10. Amongst the assets and real estate holdings acquired by Defendant EOS Investors, LLC through the purchase of Kingston Resorts were two hotel properties – the three-hundred eight-five (385) room Hilton Myrtle Beach Resort and the two-hundred fifty-five (255) room Embassy Suites by Hilton Myrtle Beach Oceanfront Resort (hereinafter referred to as the "Embassy Suites").

11. Shortly after completing the purchase of Kingston Resorts, Defendant EOS Investors, LLC entered into a contract with Defendant Hilton Worldwide Holdings, Inc. d/b/a Hilton Management Services (hereinafter referred to as "Hilton Management Services") through which Hilton Management Services agreed to retain certain duties and obligations, and to otherwise perform certain necessary tasks, required for the daily operation, staffing, management, inspection, maintenance, cleaning, and upkeep of the Embassy Suites to, in part, ensure the safety of guests and patrons visiting the hotel property.

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

12. In 2020, Defendant EOS Investors, LLC unveiled plans to perform an approximately Fifty Million ($50,000,000.00) Dollar renovation to Kingston Resorts, which was to include an approximately Thirty Million ($30,000,000.00) Dollar investment in the Embassy Suites property consisting of various upgrades, renovations, and modernizations to the hotel and its surrounding areas (hereinafter referred to as "the Renovation").

13. The Renovation of the Embassy Suites was not completed before, and was still ongoing in, July 2021.

14. EOS Investors, LLC was investing substantial financial and personnel resources into the Renovation in July 2021.

15. As businesses and persons deeply entrenched in the hotel and hospitality industries, EOS Investors, LLC, Hilton Management Services, and their respective employees, agents, representatives, decision-makers, and financial stakeholders – including but not limited to Defendants Bob Barenberg and Randy DaVaux – knew on and prior to July 9, 2021 the importance of creating and maintaining a reasonably safe environment for guests and visitors of a hotel property including but not limited to the routine and careful inspection for, identification of, and remediation and removal of, latent hazards and dangers that could pose a threat of bodily harm to guests/visitors of the property.

16. As businesses and persons deeply entrenched in the hotel and hospitality industries, EOS Investors, LLC, Hilton Management Services, and their respective employees, agents, representatives, decision-makers, and financial stakeholders – including but not limited to Defendants Bob Barenberg and Randy DaVaux – knew on and prior to July 9, 2021 that rugs, carpets, mats and other floor coverings placed in foreseeable pedestrian walkways of a hotel lobby can create latent hazards and unreasonable dangers to the safety of hotel guests and visitors if such floor coverings are not properly selected, placed, inspected, and/or maintained by hotel staff.

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

17. As businesses and persons deeply entrenched in the hotel and hospitality industries, EOS Investors, LLC, Hilton Management Services, and their respective employees, agents, representatives, decision-makers, and financial stakeholders – including but not limited to Defendants Bob Barenberg and Randy DaVaux – knew on and prior to July 9, 2021 that rugs, carpets, mats and other floor coverings placed in foreseeable pedestrian walkways of a hotel lobby can create an unreasonable hazardous and dangerous condition if such a floor covering becomes bent, wrinkled, kinked, rippled, raised, and/or otherwise does not lie flat against the surface of the underlying floor.

18. On or about July 9, 2021, Plaintiffs were lawfully on the property of the Embassy Suites located at 9800 Queensway Boulevard in Myrtle Beach, South Carolina (hereinafter referred to as "the Property").

19. As Plaintiffs walked through the lobby of the Embassy Suites on July 9, 2021, they approached the end of a long line of hotel guests waiting to be assisted by hotel staff at the reception and check-in desk.

20. The line of patrons waiting for assistance at the front desk extended well beyond the designated queue area designated by the hotel, causing the line of to spill into the hotel's lobby causing substantial congestion in the primary pedestrian walkways and thoroughfares of the Embassy Suite's lobby.

21. As a result on that congestion and blockage of the lobby on July 9, 2021 resulting from the backlog of customers waiting to check into the hotel, Plaintiffs were made to walk through an area of the lobby where a loveseat and two end tables had been positioned on a multicolored rug (hereinafter referred to as the "Sitting Area").

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

22. Upon information and belief, the loveseat, two end tables, and multicolor rug located in the Sitting Area of the Embassy Suites on July 9, 2021 were selected, placed, positioned, arranged, and maintained by one or more of the defendants named herein.

23. As Plaintiff Mona Zakay Khella-Beshay (hereinafter "Mrs. Beshay") approached the Sitting Area in the lobby that day, she unknowingly and unexpectedly encountered an edge of the multicolor rug which was bent, wrinkled, kinked, rippling, raised, and otherwise not lying flat against the surface of the underlying floor which caused Mrs. Beshay's foot to get caught, sending Mrs. Beshay falling violently onto the ground where she suffered severe traumatic injuries to her body.

24. On July 9, 2021, Mrs. Beshay tripped and fell to the floor while walking through the lobby of the Embassy Suites by Hilton Myrtle Beach Oceanfront Resort located at 9800 Queensway Boulevard in Myrtle Beach, South Carolina causing Mrs. Beshay to suffer injury (hereinafter referred to as the "Fall").

25. At the time of the Fall, the edge of the multicolor rug in the Sitting Area which Mrs. Beshay had encountered was bent, wrinkled, kinked, rippled, raised, and otherwise not lying flat against the surface of the underlying floor.

26. At the time of the Fall, the multicolor rug in the Sitting Area was not adhered to the floor through the use of any tape, glue, Velcro, rug gripper, non-slip rug pad, or other adhesive that would prevent its edges from becoming wrinkled, rippled, raised, curled, bent, or elevated above the surrounding floor surface.

27. The below photograph is a true, fair and accurate depiction of the raised, bent, wrinkled, kinked, and rippled edge of the rug located in the Sitting Area as it appeared at the time of the Fall:

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291



28. The raised, bent, wrinkled, kinked, and rippled edge of the multicolor rug located in the Sitting Area of the Embassy Suites on July 9, 2021 created an unreasonably hazardous and dangerous condition to invitees, guests, and visitors on the Property on July 9, 2021.

29. On July 9, 2021, the raised, bent, wrinkled, kinked, and rippled edge of the rug located in the Sitting Area of the Embassy Suites violated the requirements for a reasonably safe and proper guest walkway under the applicable and controlling building codes, maintenance regulations, industry standards, and Americans with Disabilities Act ("ADA").

30. On or about July 9, 2021, the raised, bent, wrinkled, kinked, and rippled edge of the rug located in the Sitting Area of the Embassy Suites constituted an unreasonably dangerous,

unsafe, and hazardous condition pursuant to South Carolina law and applicable building codes, maintenance regulations, industry standards, and the ADA.

31. The unreasonably dangerous, unsafe, and hazardous condition created by the raised, bent, wrinkled, kinked and rippled edge of the rug located in the Sitting Area of the Embassy Suites existed for a significant amount of time prior to Mrs. Beshay's fall on July 9, 2021 such that Defendants – individually and collectively – knew, or in the exercise of ordinary and reasonable diligence should have known, well prior to Mrs. Beshay's fall the dangers presented by the rug.

32. Despite having prior actual and/or constructive knowledge of the unreasonably dangerous, unsafe, and hazardous condition created by the raised, bent, wrinkled, kinked and rippled edge of the rug located in the Sitting Area of the Embassy Suites prior to July 9, 2021, Defendants failed to take any reasonable or timely steps to remedy, remove, or eliminate that unreasonably hazardous and dangerous condition prior to Mrs. Beshay's fall.

33. The raised, bent, wrinkled, kinked, and rippled edge of the rug located in the Sitting Area of the Embassy Suites on July 9, 2021, which Defendants chose not to adhere to the floor or otherwise remove from the foreseeable pedestrian pathway in the lobby despite having actual and/or constructive notice of the longstanding danger it posed well prior to July 9, 2021, created an unreasonably hazardous latent danger which caused Mrs. Beshay to trip, fall, and suffer grievous, painful, and permanent injuries on July 9, 2021.

34. The raised, bent, wrinkled, kinked, and rippled edge of the rug located in the Sitting Area of the Embassy Suites on July 9, 2021 was not highlighted, marked, warned of, pointed out, or otherwise made conspicuous to guests traversing through the hotel lobby that day through any written sign, brightly colored tape, other obvious visual cues which would reasonably alert such persons to the impending danger.

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

35. The raised, bent, wrinkled, kinked, and rippled edge of the rug located in the Sitting Area of the Embassy Suites on July 9, 2021 did not constitute an open or obvious hazard which guests and patrons of the hotel could reasonably be expected to discover and/or avoid absent a clear warning from Defendants.

36. Given the location and surrounding pageantry of the Property's lobby, along with the backlog of guests waiting to check-in at the front desk of the hotel causing congestion and obstacles throughout the lobby, the Defendants, individually and collectively, had every reason to expect and anticipate guests and visitors of the Property like Plaintiffs were likely to be distracted while traversing the lobby and Sitting Area such that those guests and visitors were likely to encounter and fall victim to the unreasonably dangerous, unsafe, and hazardous condition created by the raised, bent, wrinkled, kinked, and rippled edge of the rug.

37. At the time of the Fall, Plaintiffs were on the Property upon the implied invitation of Defendants and for a purpose connected with the business Defendants conducted upon the Property, namely the operation of a hotel and beach resort for use by paying patrons and their invited guests.

38. At the time of the Fall, Plaintiffs were invited, expressly or impliedly, to enter onto and remain upon the property of the Embassy Suites as members of the public for a purpose for which that property was held open to the public by Defendants.

39. At the time of the Fall, Plaintiffs were invitees upon the Property.

40. Each of the Defendants owed Plaintiffs and all other invitees, invited guests, and/or patrons lawfully on the property of the Embassy Suites a duty to take reasonable and timely steps to inspect, identify, clean, maintain, repair, and keep the hotel property in a reasonably safe condition on and prior to July 9, 2021, and to ensure the property, furniture, and all related

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

appurtenances thereon complied with all applicable building codes, maintenance codes, industry standards, and the Americans with Disabilities Act ("ADA"), amongst other things.

41. The Defendants owed Plaintiffs and all other invitees, invited guests, and/or patrons lawfully on the property of the Embassy Suites on July 9, 2021 a duty to ensure the hotel was properly and sufficiently staffed in a manner that would allow for the reasonable and timely routine inspection, cleaning, maintenance, repair, and upkeep to be performed on the hotel grounds to ensure the reasonable safety of such invitees, invited guests, and/or patrons while on the property.

42. The Defendants owed Plaintiffs and all other invitees, invited guests, and/or patrons lawfully on the property of the Embassy Suites on July 9, 2021 a duty to inspect, identify, and timely remedy, remove, or eliminate any and all unreasonably hazardous conditions on the property which posed a foreseeable threat of harm to those persons while on the Property.

43. The unreasonably hazardous latent danger created by the raised, bent, wrinkled, kinked, and rippled edge of the rug located in the Sitting Area of the Embassy Suites had existed for an extensive amount of time prior to July 9, 2021 and, through the exercise of ordinary and reasonable diligence by Defendants, could have and should have been identified, remedied, removed, or otherwise corrected by Defendants well prior to Mrs. Beshay's Fall on July 9, 2021.

44. The Defendants, collectively and individually, had prior actual and constructive notice and knowledge of the unreasonably hazardous latent danger created by the raised, bent, wrinkled, kinked and rippled edge of the rug located in the Sitting Area of the Embassy Suites prior to Mrs. Beshay's Fall on July 9, 2021.

45. Despite such prior actual and constructive notice and knowledge, the Defendants failed to undertake any reasonable and timely actions to remedy, remove, eliminate, or otherwise warn of the unreasonably hazardous latent danger created by the raised, bent, wrinkled, kinked and rippled edge of the rug prior to Mrs. Beshay's Fall on July 9, 2021.

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

46. The Embassy Suites was chronically and persistently understaffed on July 9, 2021 and during the month prior thereto.

47. The lengthy line of patrons waiting for service in the lobby of the Embassy Suites on July 9, 2021 was caused by Defendants' individual and collective willful, wanton and grossly-negligent decision to chronically and persistently understaff the hotel in such a manner the routine inspection, maintenance, cleaning, repair, and upkeep necessary to reasonably, properly, and safely operate a two-hundred and fifty-five (255) room hotel was not feasible with the limited staff on hand.

48. Defendants' individual and collective decision to chronically and persistently understaff the Embassy Suites hotel on and prior to July 9, 2021 despite knowing such understaffing would lead to the creation of unreasonably hazardous conditions on the premises was motivated by Defendants' desire to generate and create additional revenues and profits during the busy tourist season in Myrtle Beach.

49. Defendants' individual and collective decision to severely understaff the Embassy Suites hotel on and prior to July 9, 2021 despite knowing such understaffing would put patrons, guests, and invitees of the Property at an increased risk of harm and injury was motivated by Defendants' desire to generate and create additional revenues and profits during the busy tourist season in Myrtle Beach.

50. Defendants had actual knowledge on and prior to July 9, 2021 that their reckless decision to severely understaff the Embassy Suites hotel in an effort to maximize their revenues and profits would cause widespread deficiencies around the property including but not limited to deficiencies in the inspection, maintenance, upkeep, and safety of the hotel in accordance with recognized industry standards for guests and visitors lawfully on the Property.

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

51.    Defendants had actual knowledge on and prior to July 9, 2021 that their reckless decision to severely understaff the Embassy Suites hotel in an effort to maximize their revenues and profits would put their paying patrons and invited guests on the property at an increased risk of harm and danger.

52.    Despite that actual prior knowledge, Defendants chose to continue to chronically and persistently understaff the Embassy Suites hotel while maintaining high levels of guest occupancy in an effort to maximize their revenues and profits during the busy tourist season in Myrtle Beach and, in doing so, knowingly, willfully, and wantonly chose to disregard the safety and well-being of all members of the public who lawfully entered onto the Property of the hotel like Plaintiffs.

53.    Each of the Defendants, individually and collectively, knowingly, consciously, recklessly, willfully, and wantonly breached their legal and statutory duties to Plaintiffs on and prior to July 9, 2021.

54.    As a direct and proximate result of Defendants' individual and collective negligent, grossly negligent, reckless, willful, and wanton acts and omissions on and prior to July 9, 2021, Mrs. Beshay suffered severe, painful, and permanent acute and traumatic injuries to her body and mind for which she is entitled to recover substantial damages from these Defendants.

55.    The Defendants were each negligent, grossly negligent, reckless, willful, and wanton in the following particulars, to-wit:

(a)    In needlessly endangering members of the public;

(b)    In failing to properly, reasonably, and timely inspect, identify, and repair the known dangerous, hazardous and unsafe condition created by the raised, bent, wrinkled, kinked, and rippled edge of the rug located in the Sitting

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

Area of the Embassy Suites on July 9, 2021 despite having prior actual and/or constructive notice of the same;

(c) In creating, maintaining, allowing, and failing to take any reasonable or timely steps to correct, remedy, repair, remove, and/or warn of an unreasonably dangerous condition existing at the Embassy Suites on and prior to July 9, 2021;

(d) In failing to take reasonable steps to ensure the property, furniture, and all related appurtenances on the property of the Embassy Suites complied with applicable building codes, maintenance codes, industry standards, and provisions of the ADA on and prior to July 9, 2021;

(e) In failing to adequately warn invitees and invited guests of the hotel about the unreasonably dangerous, hazardous, and unsafe condition located in the hotel lobby on and prior to July 9, 2021;

(f) In failing to develop, implement, and enforce appropriate and reasonable systems, policies, and procedures to ensure the reasonably safe condition of the Embassy Suites hotel lobby for invitees and guests upon the property;

(g) In failing to develop, implement, and enforce appropriate and reasonable systems, policies, and procedures to ensure the Embassy Suites hotel lobby met applicable building codes, maintenance codes, industry standards, and provisions of the ADA;

(h) In failing develop, implement, and enforce appropriate and reasonable systems, policies, and procedures to discover and correct any dangerous, hazardous, or unsafe conditions existing in the lobby of the Embassy Suites on and prior to July 9, 2021;

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

(i) In allowing, permitting, and/or instructing its employees, vendors, and agents to purchase, design, configure, place, create, locate, use, and/or allow items and appurtenances in the hotel lobby of the Embassy Suites that create and present unreasonably dangerous, hazardous, and unsafe conditions for invitees and guests of the hotel on and prior to July 9, 2021;

(j) In failing to take reasonable steps to adequately train employees, staff, vendors and agents with regards to the inspection of the hotel lobby and the identification, reporting, warning, and repair of unreasonably dangerous, hazardous, and unsafe conditions existing therein on and prior to May 23, 2019;

(k) In retaining, hiring, contracting, and delegating the inspection, maintenance, and repair of the property to a company and/or person who was/were wholly unfit to carry out those obligations in a reasonable and timely manner;

(l) In hiring, retaining, supervising, and controlling employees and staff members who were known, or reasonably should have been known, to these Defendants not to conduct reasonable inspections and work on the property to identify, repair and correct dangerous, hazardous, and unsafe conditions;

(m) In choosing to severely understaff the Embassy Suites on and prior to July 9, 2021 in an effort to maximize company profits despite knowing the staffing shortages would result in the improper, unreasonable, negligent, grossly negligent, reckless, willful and wanton inspection, identification, repair, remedy, correction, and/or warning of unreasonably dangerous and

        hazardous latent dangers on the property of the Embassy Suites on and prior to July 9, 2021;

(n) In such other particulars that may be unearthed throughout litigation or revealed in the evidence presented at trial.

56. As a result of the aforesaid individual and collective acts and/or omissions of the Defendants as further described hereinabove and to be proven at the trial of this case, Plaintiffs have suffered and will in the future continue to suffer substantial and permanent life-altering damages including:

(a) Traumatic injuries to her body, including but not limited to fractures to her elbow and knee which required multiple past emergency surgeries and will require ongoing painful and invasive medical treatments well into the future;

(b) Past, present and future pain and suffering;

(c) Permanent scarring;

(d) Permanent limitation of motion, loss of dexterity and strength, and other permanent limitations to movement and strength;

(e) Past, present and future worry, headaches, mental anguish, and mental anxiety;

(f) Permanent impairment, injuries, and disabilities;

(g) Past and future medical bills;

(h) Past and future economic and monetary losses;

(i) Past, present and future loss of enjoyment of life;

(j) Permanent limitations to activities of daily living;

(k) Loss of consortium, companionship, aid, society, and services as spouses; and,

(l) Any other losses which may be unearthed throughout litigation or revealed in the evidence presented at trial.

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

ELECTRONICALLY FILED - 2023 Apr 11 10:14 AM - HORRY - COMMON PLEAS - CASE#2023CP2602291

**WHEREFORE**, Plaintiff prays this Court enter judgment against Defendants for actual and punitive damages in an appropriate amount, and for the costs of this action and for such other and further relief as this Honorable Court deems just, in an amount in excess of One Hundred Thousand Dollars ($100,000.00).

*Derrick Law Firm Injury Lawyers*

s/ Robert D. Corney_____
Robert D. Corney (S.C. Bar No.80167)
Post Office Box 28
Conway, South Carolina 29528
Telephone: 843-248-7486
Facsimile: 843-248-7510
E: Rob.Corney@derricklawfirm.com
**Counsel for the Plaintiffs**